IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

OHIO VALLEY
ENVIRONMENTAL COALITION,
WEST VIRGINIA HIGHLANDS
CONSERVANCY, WEST VIRGINIA
RIVERS COALITION,
and SIERRA CLUB,

       Plaintiffs,

v.            CIVIL ACTION NO. 3:18-cv-00077

SOUTHEASTERN LAND, LLC,

       Defendant.

## ANSWER OF DEFENDANT TO AMENDED COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

For its answers to the allegations in Plaintiffs' Amended Complaint, Defendant Southeastern Land, LLC ("Southeastern" or "Defendant"), hereby responds to each of the numbered paragraphs set forth in the Amended Complaint.

### INTRODUCTION

1. Paragraph 1 of the Amended Complaint purports to describe the nature of the legal action initiated by Plaintiffs and to that extent requires no response. To the extent that Paragraph 1 contains factual averments, Defendant denies those averments.

2. Paragraph 2 of the Amended Complaint purports to describe the nature of the legal action initiated by Plaintiffs and to that extent requires no response. To the extent that Paragraph 2 contains factual averments, Defendant denies those averments.

3. Paragraph 3 of the Amended Complaint purports to describe the nature of the legal action initiated by Plaintiffs and to that extent requires no response. To the extent that Paragraph 3 contains factual averments, Defendant denies those averments.

**JURISDICTION AND VENUE**

4. Paragraph 4 of the Amended Complaint contains conclusions of law to which no response is required. To the extent Paragraph 4 contains factual averments, Defendant denies those averments.

5. Defendant admits receipt of the notice described in Paragraph 5 of the Amended Complaint on November 22, 2017. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments regarding notice to the other alleged recipients listed in Paragraph 5, and therefore denies those averments.

6. With respect to Paragraph 6 of the Amended Complaint, Defendant admits that more than 60 days passed between the date Defendant received the Notice of Intent letter (the "NOI Letter") and the filing of the initial Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the date that the other alleged recipients listed in Paragraph 6 received the NOI Letter, and therefore denies this averment as it relates to those entities. Defendant admits that it is not aware of any civil, criminal, or administrative penalty action having been filed against it by any state or federal governmental agency regarding the allegations in the Amended Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of any averment that no civil, criminal, or administrative action has been filed against any other party regarding the allegations in the Amended Complaint, and therefore denies any such averment. To the extent Paragraph 6 contains any remaining factual averments, Defendant denies those averments.

7. With respect to Paragraph 7 of the Amended Complaint, Defendant admits that the properties listed in the Amended Complaint are located within the Southern District of West Virginia. The remaining averments in Paragraph 7 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the remaining averments in Paragraph 7.

**PARTIES**

8. With respect to the averments in the first sentence of Paragraph 8 of the Amended Complaint, Defendant admits that Southeastern Land, LLC is a Kentucky Limited Liability Company and that it holds permits for mining coal. With respect to the averments in the second sentence of Paragraph 8, Defendant admits that it assumed ownership and operational responsibility for the Peachorchard Surface Mine No. 5 and the Ike Fork No. 1 Surface Mine on August 1, 2016, pursuant to the Purchase and Sale Agreement by and between Southeastern Land, LLC and Fola Coal Company, LLC, which was executed on July 19, 2016. Defendant admits the averments in the third sentence of Paragraph 8. With respect to the fourth sentence of Paragraph 8, Defendant admits that Southeastern Land, LLC is the current operator of the Ike Fork No. 1 Surface Mine and is responsible for permit obligations during the pendency of a permit transfer to Southeastern Land, LLC. Defendant further admits that Surface Mine Permit S201298 and WV/NPDES Permit No. WV1017951 for the Ike Fork No. 1 Surface Mine are held in the name of Fola Coal Company. Defendants admits the averments in the fifth and sixth sentences of Paragraph 8. With respect to the averments in the seventh sentence of Paragraph 8, Defendant admits that it has had ownership and operating responsibility for the Ike Fork No. 1 Surface Mine since August 1, 2016. Defendant denies any remaining factual averments in Paragraph 8 of the Amended Complaint.

9. Paragraph 9 of the Amended Complaint is a conclusion of law to which no response is required.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in Paragraph 10 of the Amended Complaint, and therefore denies them.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in Paragraph 11 of the Amended Complaint, and therefore denies them.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in Paragraph 12 of the Amended Complaint, and therefore denies them.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in Paragraph 13 of the Amended Complaint, and therefore denies them.

14. With respect to the first sentence of Paragraph 14 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments regarding the affiliations, actions, awareness, or knowledge of Cindy Rank, James Tawney, Angie Rosser, and any other purported members of Plaintiffs' organizations, and therefore denies those averments. Defendant admits the averments in the second and third sentences of Paragraph 14.

15. With respect to Paragraph 15 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments regarding

the preferences, actions, awareness, or knowledge of any of Plaintiffs' members, and therefore denies those averments. Defendant denies the remaining averments in Paragraph 15.

16. Paragraph 16 of the Amended Complaint contains conclusions of law to which no response is required.

## STATUTORY AND REGULATORY FRAMEWORK

17. Paragraph 17 of the Amended Complaint quotes from, paraphrases, and characterizes a federal statute, which speaks for itself.

18. Paragraph 18 of the Amended Complaint paraphrases and characterizes a federal statute, which speaks for itself.

19. Paragraph 19 of the Amended Complaint paraphrases and characterizes a federal statute, which speaks for itself.

20. Paragraph 20 of the Amended Complaint paraphrases and characterizes a federal statute, a federal register notice, and state statutes, which speak for themselves.

21. Paragraph 21 of the Amended Complaint quotes from, paraphrases, and characterizes a federal statute, which speaks for itself.

22. Paragraph 22 of the Amended Complaint quotes from, paraphrases, and characterizes a federal statute, which speaks for itself.

23. Paragraph 23 of the Amended Complaint contains conclusions of law to which no response is required.

24. Paragraph 24 of the Amended Complaint quotes from, paraphrases, and characterizes a federal statute, which speaks for itself.

25. Paragraph 25 of the Amended Complaint paraphrases and characterizes a federal statute, which speaks for itself.

26. Defendant admits the averments in Paragraph 26 of the Amended Complaint.

27. Paragraph 27 of the Amended Complaint quotes from, paraphrases, and characterizes federal and state regulations, which speak for themselves.

28. The first sentence of Paragraph 28 of the Amended Complaint quotes from, paraphrases, and characterizes a state regulation, which speaks for itself. The second sentence of Paragraph 28 contains conclusions of law to which no response is required.

29. Paragraph 29 of the Amended Complaint paraphrases and characterizes a state regulation, which speaks for itself.

30. Paragraph 30 of the Amended Complaint quotes from, paraphrases, and characterizes a federal statute, which speaks for itself.

31. Paragraph 31 of the Amended Complaint quotes from, paraphrases, and characterizes a federal statute, which speaks for itself.

32. Defendant admits the averments in Paragraph 32 of the Amended Complaint.

**FACTS**

33. Defendant admits the averments in Paragraph 33 of the Amended Complaint.

34. Defendant admits the averments in the first and second sentences of Paragraph 34 of the Amended Complaint. With respect to the averments in the third sentence of Paragraph 34, Defendant admits that it has had ownership and operating responsibility for the Ike Fork No. 1 Surface Mine since August 1, 2016. Defendants denies any remaining factual averments in Paragraph 34 of the Amended Complaint.

35. With respect to the averments in the first sentence of Paragraph 35 of the Amended Complaint, Defendant admits that WV/NPDES Permit No. WV1017969 authorizes the discharge of pollutants from point sources at Peachorchard Surface Mine No. 5 into waters of the

United States. With respect to the averments in the second sentence of Paragraph 35, Defendant admits that WV/NPDES Permit No. WV1017969 was reissued on March 17, 2015 and remains in effect. Defendant further admits that the permit was transferred from Fola to Southeastern on October 2, 2017. Defendant denies any remaining averments in Paragraph 35.

36. With respect to the averments in the first sentence of Paragraph 36 of the Amended Complaint, Defendant admits that WV/NPDES Permit No. WV1017951 authorizes the discharge of pollutants from point sources at Ike Fork No. 1 Surface Mine into waters of the United States. With respect to the averments in the second sentence of Paragraph 36, Defendant admits that WV/NPDES Permit No. WV1017951 was reissued to Fola on March 12, 2014 and remains in effect. With respect to the averments in the third sentence of Paragraph 36, Defendant admits that it has had ownership and operating responsibility for the Ike Fork No. 1 Surface Mine since August 1, 2016. Defendant denies any remaining averments in Paragraph 36.

37. Paragraph 37 of the Amended Complaint quotes from, paraphrases, and characterizes the referenced permits and state regulations, which speak for themselves.

**Violations of Water Quality Standards at Southeastern's Peachorchard Surface Mine No. 5**

38. Paragraph 38 of the Amended Complaint characterizes Permit No. WV1017969, which speaks for itself. Defendant admits that Outlets 001 and 004 of Peachorchard Surface Mine No.5 discharge into Peachorchard Branch of Twentymile Creek.

39. With respect to the averments in the first sentence and table in Paragraph 39 of the Amended Complaint, Defendant admits that Fola conducted baseline water quality and biological integrity sampling at in-stream station numbers Fola-39 through Fola-47 on the dates listed below, and obtained the following results:

| Table A – Pre-mining Sampling | | | | | |
|---|---|---|---|---|---|
| Station | Conductivity 11/18/99 | Conductivity 3/8/00 | Sulfate 11/18/99 | Sulfate 3/8/00 | WVSCI |
| **39** | 279 | 165.7 | 96 | 48 | 81.339 |
| **40** | 48.4 | 79.9 | 15 | 23 | 76.775 |
| **41** | Dry | Dry | Dry | Dry | Dry |
| **42** | 72 | 73.8 | 17 | 19 | 81.835 |
| **43** | 131 | 100 | 30 | 29 | 85.474 |
| **44** | 150 | 115.9 | 36 | 27 | 97.613 |
| **45** | 72 | 99.1 | 13 | 7 | 87.618 |
| **46** | 72 | 50.4 | 9 | 9 | 88.29 |
| **47** | 120 | 47.5 | 7 | 6 | 78.137 |

The averments in the second sentence of Paragraph 39 characterize the laboratory results in the table above, which speak for themselves. Defendant denies the remaining averments in Paragraph 39.

40. Southeastern lacks knowledge or information sufficient to form a belief about the identity of the "report" referenced in the first sentence of Paragraph 40 of the Amended Complaint or the truth of the averments regarding the content of that report, and therefore denies them. Southeastern nevertheless admits that Permit Application S-2013-98, Section J (Hydrologic Information/PHC) Table 3/4 identifies a range of values for baseline surface water quality at three monitoring stations (PODN, POUP, and DNPB) of 150.3 to 315.0 μmhos/cm for specific conductance and 25.7 to 104.5 ppm for sulfate. The second sentence of Paragraph 40 characterizes WVDEP's April 8, 2004 Cumulative Hydrologic Impact Assessment for S201398, which speaks for itself. Defendant denies the averments in the third sentence of Paragraph 40.

41. Defendant admits the averments in Paragraph 41 of the Amended Complaint.

42. Defendant admits the averments in Paragraph 42 of the Amended Complaint.

43. Defendant admits the averments in the first through fourth sentences of Paragraph 43 of the Amended Complaint. With respect to the averments in the fifth sentence of

Paragraph 43, Defendant admits that Station BASDUTPB3 is upstream of Outlets 001 and 004, Stations BASDP84 and BASDPB are downstream of Outlets 001 and 004, and that Station BASDP84 is nearer to Outlets 001 and 004 than BASDPB. With respect to any remaining averments in Paragraph 43, Defendant lacks knowledge or information sufficient to form a belief about the truth of these averments, and therefore denies them.

44. Defendant admits the averments in Paragraph 44 of the Amended Complaint, with the following exceptions: the WVSCI score obtained at Station BASDUTPB3 on April 23, 2012 was 36.7, not 37.6; and the numbers in the final column of the table in Paragraph 44 reflect the sampling results for specific conductance (measured as µS/cm), not for "conductivity."

45. Defendant admits the averments in the first sentence of Paragraph 45 of the Amended Complaint. With respect to the averments in the second sentence of Paragraph 45, Defendants admits that a majority of the WVSCI scores listed in Paragraph 44 are below 72. Defendant lacks knowledge or information sufficient to form a belief about the identity of the report referenced and quoted in the third sentence of Paragraph 45 or the truth of the averments regarding the content of that report, and therefore denies them. To the extent such report exists, it speaks for itself and is the best evidence of its content. Defendant denies any remaining factual averments in Paragraph 45.

46. Defendant denies the averments in Paragraph 46 of the Amended Complaint.

47. Paragraph 49 of the Amended Complaint characterizes and paraphrases an EPA report, which speaks for itself.

48. Paragraph 48 of the Amended Complaint quotes from and characterizes the EPA report and referenced studies, which speak for themselves.

49. Paragraph 49 of the Amended Complaint characterizes a study, which speaks for itself. Defendant lacks knowledge or information sufficient to form a belief about the identity or content of the study being referenced, and therefore denies the averments in Paragraph 49.

50. Paragraph 50 of the Amended Complaint characterizes a number of studies, which speak for themselves. Defendant lacks knowledge or information sufficient to form a belief about the identity or content of the studies being referenced, and therefore denies the averments in Paragraph 50.

51. Defendant denies the averments in Paragraph 51 of the Amended Complaint.

## Violations of Water Quality Standards at Southeastern's and Fola's Ike Fork No. 1 Surface Mine

52. Paragraph 52 of the Amended Complaint characterizes Permit No. WV1017951, which speaks for itself. Defendant admits that Outlet 002 of Ike Fork No. 1 Surface Mine discharges into Sycamore Run, which flows into Lily Fork, then into Buffalo Creek, and then into the Elk River.

53. Paragraph 53 of the Amended Complaint characterizes WVDEP's March 23, 2001 Cumulative Hydrologic Impact Assessment (CHIA) for the Ike Fork No. 1 Surface Mine, which speaks for itself.

54. Paragraph 54 of the Amended Complaint characterizes and quotes from the 1999 Statement of Probable Hydrologic Consequences in the referenced permit application, which speaks for itself.

55. Defendant denies the averments in Paragraph 55 of the Amended Complaint.

56. Defendant admits the averments in the first sentence and table of Paragraph 56 of the Amended Complaint. Defendant denies the averments in the second sentence of

Paragraph 56, but admits that the values for specific conductance identified in the table in Paragraph 56 exceed 300 µS/cm.

57. Defendant admits the averments in Paragraph 57 of the Amended Complaint, with the exception that the correct designation for the station referred to as DBAS-SYR002 is DBAS-SYR2.

58. With respect to the averments in the first sentence of Paragraph 58 of the Amended Complaint, Defendant admits that all but one of the WVSCI scores listed in the table in Paragraph 57 are below 72. Defendant admits that the habitat scores referenced in the second sentence of Paragraph 58 are all in the optimal or sub-optimal range.

59. With respect to the averments in the first sentence of Paragraph 59, Defendant admits that the Ike Fork No. 1 Surface mine covers a large area in the Lilly Fork watershed. Defendant denies any remaining averments in Paragraph 59 of the Amended Complaint.

**FIRST CLAIM FOR RELIEF**
**(CWA Permit Violations)**

60. Defendant responds to Paragraph 60 of the Amended Complaint by incorporating its responses to Paragraphs 1 through 59 above.

61. With respect to the averments in Paragraph 61 of the Amended Complaint, Defendant admits that since at least July 2016, Defendant and/or Fola have discharged pollutants from point sources, i.e. Outlets 001 and 004 at the Peachorchard Surface Mine No. 5, into Peachorchard Branch of Leatherwood Creek, and Outlet 002 at the Ike Fork No. 1 Surface Mine into Sycamore Run of Lily Fork, pursuant to WV/NPDES Permit Nos. WV1017969 and WV1017951, respectively.

62. The averments in Paragraph 62 of the Amended Complaint are conclusions of law to which no response is required.

63. The averments in Paragraph 63 of the Amended Complaint are conclusions of law to which no response is required. To the extent Paragraph 63 contains factual averments, Defendant denies those averments.

64. The averments in Paragraph 64 of the Amended Complaint are conclusions of law to which no response is required.

65. Defendant denies the averments in Paragraph 65 of the Amended Complaint.

66. Defendant denies the averments in Paragraph 66 of the Amended Complaint.

**SECOND CLAIM FOR RELIEF**
**(CWA Certification Violations)**

67. Defendant responds to Paragraph 67 of the Amended Complaint by incorporating its responses to Paragraphs 1 through 66 above.

68. Paragraph 68 of the Amended Complaint paraphrases and characterizes the referenced permits and state regulation, which speak for themselves.

69. Paragraph 69 of the Amended Complaint quotes from and characterizes a state regulation, which speaks for itself.

70. Paragraph 70 of the Amended Complaint quotes from and characterizes a state regulation, which speaks for itself.

71. The first sentence of Paragraph 71 of the Amended Complaint purports to quote from and characterize a state regulation, which speaks for itself. The averments in the second sentence of Paragraph 71 are conclusions of law to which no response is required

72. Defendant denies the averments in Paragraph 72 of the Amended Complaint.

73. Paragraph 73 of the Amended Complaint quotes from, paraphrases, and characterizes a federal regulation and a state regulation, which speak for themselves.

74. Defendant denies the averments in Paragraph 74 of the Amended Complaint.

75. Defendant denies the averments in Paragraph 75 of the Amended Complaint.

76. Defendant denies the averments in Paragraph 76 of the Amended Complaint.

**RELIEF REQUESTED**

Defendant denies that Plaintiffs are entitled to any of the relief requested in the Amended Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

Plaintiffs' action and the relief requested are or may be barred by any of the following:

    a.    A lack of standing.

    b.    Lack of subject matter jurisdiction.

    d.    Failure to state a claim for which relief can be granted.

    d.    The doctrine of laches or the applicable statute of limitations.

    g.    Inadequate notice of intent to sue under 33 U.S.C. §1365.

Defendant hereby gives notice that, as appropriate, it intends to rely on such affirmative defenses listed in Rule 8(c) of the Federal Rules of Civil Procedure that may become available or apparent to it during the course of discovery and reserves the right to amend its answer to assert any such or any other defense.

Respectfully submitted,

**SOUTHEASTERN LAND, LLC**
By Counsel

*/s/ Jared M. Tully*
Jared M. Tully (WVSB #9444)
Frost Brown Todd LLC
500 Virginia Street East, Suite 1100
Charleston, WV 25301
304-345-0111 (phone)
304-345-0115 (fax)
jtully@fbtlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**OHIO VALLEY**
**ENVIRONMENTAL COALITION,**
**WEST VIRGINIA HIGHLANDS**
**CONSERVANCY, WEST VIRGINIA**
**RIVERS COALITION,**
**and SIERRA CLUB,**

            **Plaintiffs,**

v.                               **CIVIL ACTION NO. 3:18-cv-00077**

**SOUTHEASTERN LAND, LLC,**

            **Defendant.**

## CERTIFICATE OF SERVICE

I, Jared M. Tully, Counsel for Southeastern Land, LLC, do hereby certify that on May 17, 2018, I electronically filed the *Answer of Defendant to Amended Complaint for Declaratory and Injunctive Relief* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

J. Michael Becher
Joseph M. Lovett
Appalachian Mountain Advocates
P.O. Box 507
Lewisburg, WV 24901
*Counsel for Plaintiffs*


                                      */s/ Jared M. Tully*

0132409.0647791   4852-2749-5777v4